UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
CELLU-BEEP, INC.,

                 Petitioner,

     - against -             **MEMORANDUM AND ORDER**

TELECORP COMMUNICATIONS, INC.,       13 Civ. 7236 (NRB)
predecessor in interest of NEW CINGULAR
WIRELESS PCS, LLC,

                 Respondent.
---------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

     Petitioner Cellu-Beep, Inc. ("petitioner" or "Cellu-Beep")
brings this action to vacate an arbitration award granted in
favor of respondent TeleCorp Communications, Inc. ("respondent"
or "TeleCorp"). In opposition, respondent seeks an order
confirming the arbitration award. For the reasons set forth
below, petitioner's motion is denied, and respondent's cross-
petition to confirm the award is granted.

## BACKGROUND

     Cellu-Beep is a corporation headquartered in San Juan,
Puerto Rico and organized under Puerto Rico law. Pet. to Vacate
Arb. Award ("Pet.") ¶ 3. Cellu-Beep resells and distributes
wireless telephones, as well as equipment and services for those
devices. <u>Id.</u> TeleCorp was a Delaware corporation whose
principal place of business was in Arlington, Virginia. <u>Id.</u> ¶

4.   TeleCorp was the predecessor in interest to New Cingular Wireless PCS, LLC, which currently does business as AT&T Mobility.  Id.

On or around September 10, 2002, the parties entered into an agreement (the "Agreement") which authorized Cellu-Beep to sell AT&T Wireless products and services.  Id. ¶ 6.  Based on respondent's alleged breach of the Agreement, petitioner joined other AT&T Wireless retailers in filing a lawsuit against TeleCorp in the U.S. District Court for the District of Puerto Rico on May 22, 2003.  Id. ¶ 8.  Respondent moved to dismiss the suit on the grounds that petitioner failed to follow the dispute resolution procedures outlined in the Agreement.  Id. ¶ 9.  The Agreement reads, in relevant part:

> Any claim or controversy arising out of this Agreement
> . . . will first be attempted to be resolved amicably
> by the parties hereto in good faith negotiations.  Any
> dispute, which the parties have been unable to resolve
> amicably, will be referred to non-binding mediation
> before a mutually agreed certified mediator. . . . Any
> dispute which the parties have been unable to resolve
> in mediation, will then be settled by arbitration
> pursuant to the Federal Arbitration Act.

Id. ¶ 10 (quoting Section 9.2 of the Agreement).  TeleCorp's motion to dismiss the complaint was granted on January 27, 2004. Id. ¶ 13; see also Cellu-Beep, Inc. v. Telecorp, Inc., 322 F. Supp. 2d 122, 125 (D.P.R. 2004).

-2-

From 2005 to 2008, petitioner and respondent engaged in "good faith negotiations," as mandated by the Agreement, but were unable to resolve their dispute.  Id. ¶¶ 13-14.  The parties then held a mediation session on November 11, 2008, but it, too, was unsuccessful.  Id. ¶ 14.  Cellu-Beep next commenced an arbitration against TeleCorp on July 15, 2012.  Id. ¶ 15.  After respondent had filed an answering statement in the arbitration proceeding, Cellu-Beep submitted a revised arbitration demand.  Id. ¶ 16.  Rather than answer the revised demand, TeleCorp filed a motion to dismiss on April 12, 2013.  Id.  Although respondent's initial answering statement included a statute of limitations defense, the motion to dismiss did not.  Id. ¶ 17.

During a conference call on March 22, 2013, the arbitrator, "unprompted by anything the parties said," asked if respondent would also request dismissal of the matter on statute of limitations grounds.  Id. ¶ 18.  This call occurred after TeleCorp had filed its motion but before Cellu-Beep had submitted its opposition papers.  Id. ¶ 16.  Later, in its reply brief, respondent included a statute of limitations defense, and petitioner was given an opportunity to counter this argument in a supplemental submission.  Id. ¶ 19; see also Cellu-Beep, Inc.

v. New Cingular Wireless PCS, LLC, 2013 WL 6919026 (S.D.N.Y. 2013) (Arbitration Award) (Gluck, Arb.) ("Arb. Award") at 6.

On June 19, 2013, the arbitrator determined that Cellu-Beep's claim was time-barred under New York law. Arb. Award at 11. More specifically, the arbitrator found that "the running of the limitations period [was] not affected by either the negotiation or the mediation phase provided in [the Agreement]." Id. at 9. In reaching this conclusion, the arbitrator cited case law from this District (later affirmed by the Second Circuit) and the New York Court of Appeals. See id. at 9-10 (citing Johnson v. Nyack Hosp., 891 F. Supp. 155 (S.D.N.Y. 1995), aff'd, 86 F.3d 8 (2d Cir. 1996); Ely-Cruikshank Co. v. Bank of Montreal, 615 N.E.2d 985 (N.Y. 1993)). Accordingly, the arbitrator dismissed Cellu-Beep's claim with prejudice. Id. at 14.

On September 24, 2013, Cellu-Beep filed a petition to vacate the arbitration award in the Supreme Court of the State of New York, County of New York. Respondent removed the case to this Court, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446 on October 15, 2013. TeleCorp then filed an answer and cross-petition to confirm the arbitration award on November 5, 2013, and both motions were fully briefed by December 17, 2013.

-4-

**DISCUSSION**

**I.  Legal Standard**

"Vacatur of arbitral awards is extremely rare, and justifiably so." Hamerslough v. Hipple, No. 10 Civ. 3056(NRB), 2012 WL 5290318, at *3 (S.D.N.Y. Oct. 25, 2012).  "It is well established that courts must grant an arbitration panel's decision great deference." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003); see also Folkways Music Publishers, Inc. v. Weiss, 989 F.2d 108, 111 (2d Cir. 1993) ("Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.")  Indeed, "confirmation of an arbitration award 'is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)).

**II.  Evident Partiality**

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., creates a "body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." PaineWebber Inc. v. Bybyk, 81 F.3d 1193, 1198 (2d

Cir. 1996) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)) (internal quotation marks omitted).  Section 10(a) of the FAA provides four grounds upon which a federal court may vacate an arbitral award:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party were prejudiced; and (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4) (2012).  Of the four statutory grounds for vacatur, petitioner relies solely upon the second, which provides that the court may vacate an award "where there was evident partiality or corruption in the arbitrators."  9 U.S.C. § 10(a)(2).

"Evident partiality may be found only 'where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration.'"  Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d 60, 64 (2d Cir. 2012) (quoting Applied Indus. Materials Corp. v. Ovalar Makine Ticaret Ve Sanayi, A.S., 492 F.3d 132, 137 (2d Cir. 2007)). "Unlike a judge, who can be disqualified in any proceeding in

which his impartiality might reasonably be questioned . . . an arbitrator is disqualified only when a reasonable person, considering all the circumstances, would <u>have</u> to conclude that an arbitrator was partial to one side." <u>Id.</u> at 72 (quoting <u>Applied Indus.</u>, 492 F.3d at 137) (internal quotation marks omitted). "A showing of evident partiality must be direct and not speculative" in order to vacate an award under § 10(a)(2). <u>Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust</u>, 729 F.3d 99, 104 (2d Cir. 2013). In fact, the party requesting vacatur of an award on the basis of arbitrator bias has the burden of demonstrating partiality "by clear and convincing evidence." <u>Id.</u> at 106.

Petitioner asserts the arbitrator "abandon[ed] all pretence [sic] of neutrality" when he solicited briefing on the statute of limitations issue after respondent had not mentioned that defense in its moving papers. Pet. ¶ 32; <u>see also</u> Pet'r's Mem. of Law in Further Supp. of Its Petition to Vacate the Arb. Award ("Pet'r's Reply") at 3-4. This conduct, standing alone, is far from sufficient to meet petitioner's burden under § 10(a)(2). "[F]ederal courts have concluded that evident partiality may not be shown . . . by legitimate efforts to move the case along." <u>Rubenstein v. Advanced Equities, Inc.</u>, No. 13 Civ. 1502(PGG), 2014 WL 1325738, at *10 (S.D.N.Y. Mar. 31, 2014) (quoting <u>Areca,</u>

Inc. v. Oppenheimer & Co., 960 F. Supp. 52, 56 (S.D.N.Y. 1997))
(internal quotation marks omitted). Soliciting briefing on a
potentially dispositive issue, especially when both parties are
afforded an opportunity to brief the matter, is certainly
legitimate. In fact, it is within the purview of the arbitrator
to dismiss a case sua sponte on statute of limitations grounds,
even without granting petitioner a briefing opportunity. See
Walters v. Indus. & Commercial Bank of China, Ltd., 651 F.3d
280, 293 (2d Cir. 2011) (recognizing that "district courts may
dismiss an action sua sponte on limitations grounds in certain
circumstances"); cf. Morelite Constr. Corp. v. N.Y.C. Dist.
Council Carpenters Benefit Funds, 748 F.2d 79, 83 (2d Cir. 1984)
("[T]he standards for disqualification of arbitrators have been
held to be less stringent than those for federal judges.").

Cellu-Beep has not suggested, much less demonstrated, that
the arbitrator had any "personal interest, pecuniary or
otherwise" in the outcome of the case or maintained any sort of
relationship with TeleCorp such that bias could be inferred.
Scandinavian, 668 F.3d at 74 (internal quotation marks omitted).
Instead of providing us with clear and convincing evidence,
petitioner has engaged in the sort of "speculation and
conjecture" which this Court has "no obligation to entertain."
Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011).

Petitioner's request to vacate the arbitration award based on the arbitrator's evident partiality is therefore denied.

## III.   Manifest Disregard

In addition to the express statutory grounds listed in § 10(a) of the FAA, there is an implied basis for vacatur when an arbitrator's award is in "manifest disregard" of applicable law. See T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 339-40 (2d Cir. 2010).[1]  Awards are vacated on the grounds of manifest disregard only in "those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent." Duferco, 333 F.3d at 389; see also T.Co, 592 F.3d at 339 ("A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden." (internal quotation marks omitted)).   "A federal court cannot vacate an arbitral award merely because it is convinced that the arbitration panel made the wrong call on the law.   On the contrary, the award should be enforced, despite a court's disagreement with it on the merits, if there is a barely

---

[1] Two recent decisions of the Supreme Court cast some doubt on the ongoing viability of the manifest disregard doctrine.  See Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 584-91 (2008) (holding that §§ 10 and 11 of the FAA specify the exclusive grounds for vacating, modifying, or correcting an arbitration award); Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp., 559 U.S. 662, 672 n.3 (2010) ("We do not decide whether 'manifest disregard' survives our decision in [Hall Street Associates] as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth at 9 U.S.C. § 10."). Nevertheless, the Second Circuit has concluded that the doctrine has survived.  See T.Co, 592 F.3d at 339-40.

colorable justification for the outcome reached." Wallace v. Buttar, 378 F.3d 182, 190 (2d Cir. 2004) (emphasis in original) (internal quotation marks omitted). To establish manifest disregard, a petitioner must demonstrate: (1) that the law allegedly ignored was clear and explicitly applicable to the matter before the arbitrator; (2) that the law was in fact improperly applied, leading to an erroneous outcome; and (3) that the arbitrator was subjectively aware of the applicable law and chose to disregard it. T.Co, 592 F.3d at 339.

Petitioner maintains that the arbitrator's decision that the parties' attempted mediation was not relevant in determining the timeliness of Cellu-Beep's arbitration demand was in manifest disregard of the law. See Pet. ¶¶ 24-28. This position is unsustainable. In support of its assertion, Cellu-Beep fails to cite a single case or statute from this jurisdiction which demonstrates that the law on this issue either "clear" or "well defined." T.Co, 592 F.3d at 339. In fact, petitioner concedes that "there may be a split in authorities" on the question of whether a mediation tolls the statute of limitations for bringing a claim to arbitration. Pet'r's Reply at 6. When the legal question resolved by the arbitrator is one where reasonable minds may differ, a petitioner's claim of manifest disregard cannot succeed. Given

-10-

the unclear state of the law, the heavy burden levied on the party advocating vacatur, and the "extreme deference" afforded to arbitrators in this context, petitioner's manifest disregard argument must fail.  DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 821 (2d Cir. 1997).

## IV.   TeleCorp's Cross-Petition

Finally, because Cellu-Beep has failed to establish grounds for vacating, modifying, or correcting the arbitration award, we grant TeleCorp's cross-petition to confirm the award.  See N.Y. C.P.L.R. § 7511(e) ("[U]pon the denial of a motion to vacate or modify, [a court] shall confirm the award."); Hall St. Assocs., 552 U.S. at 587 ("On application for an order confirming the arbitration award, the court 'must grant' the order 'unless the award is vacated, modified, or corrected as prescribed [by the FAA]' . . . . There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." (quoting 9 U.S.C. § 9)).

## CONCLUSION

For the foregoing reasons, we deny Cellu-Beep's petition to vacate the arbitration award and grant TeleCorp's cross-petition to confirm.   The Clerk of the Court is respectfully directed to terminate the motion pending at docket number 12 and close this case.

**SO ORDERED.**

Dated:     New York, New York
           July /7, 2014

                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

Andrew Kanter, Esq.
The Kanter Law Office, LLC
55 Dorrance Street, Suite 403
Providence, RI 02903

Andrew B. Joseph, Esq.
Matthew J. Fedor, Esq.
Drinker Biddle & Reath LLP
1177 Avenue of the Americas, 41st Floor
New York, NY 10036